UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DALLAS BEARD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | No. 1:17-cv-01681-TWP-MJD |
|  | ) |  |
| USA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Dallas Beard filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on May 19, 2017. Beard challenges his guilty plea as involuntary because he was not aware that he could not be sentenced as a career offender. He was directed to show cause why this action should not be dismissed as untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2255(f). Beard has responded arguing that he was not aware until recently that he could challenge his sentence despite the waiver of appeal in his plea agreement.

In essence, Beard argues that the statute of limitations for his § 2255 should be tolled because he was unaware of the applicable law. But a misapprehension of the law is not a valid basis for equitable tolling. As Beard was previously notified, a petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Beard's unfamiliarity with the law is insufficient. *See United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (tolling was not justified by opaque law and death

of attorney's father); *Araujo v. Chandler,* 435 F.3d 678, 681 (7th Cir. 2005) (actual innocence is not a freestanding exception to the time limits).

Further, to the extent that Beard can be understood to argue that the statute of limitations on his claims began to run when the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), that case was decided on June 26, 2015, and the Supreme Court made *Johnson* retroactive in *Welch v. United States*, 136 S.Ct. 1257 (2016), on April 18, 2016. Even if the statute of limitations began to run upon the decision in *Welch*, it expired on April 18, 2017. Beard's petition, signed on May 10, 2017, is still too late.

For the foregoing reasons, Beard's motion to vacate pursuant to 28 U.S.C. § 2255 must be **dismissed** as untimely. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:12-CR-212-TWP-TAB-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Beard has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/15/2017

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DALLAS BEARD
930707
INDIANA STATE PRISON
1 Park Row
Michigan City, IN 46360